## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2016, 9:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leroy Burke, Jr.
Bunker Hill, Indiana
Appellant Pro Se

ATTORNEY FOR APPELLEE

Matthew J. Elkin
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leroy Burke, Jr., <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Matthew Elkin, <br> *Appellee-Defendant.* | April 20, 2016 <br><br> Court of Appeals Case No. <br> 34A05-1509-PL-1404 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable George A. Hopkins, Judge <br><br> Trial Court Cause No. <br> 34D04-1504-PL-309 |

**Altice, Judge.**

### Case Summary

[1] Leroy Burke filed a frivolous lawsuit against Matthew Elkin, and Elkin responded with a counterclaim for abuse of process and a motion for summary

judgment. Both parties proceeded pro se. The trial court granted summary judgment in favor of Elkin and set the matter for a damages hearing. At the hearing, Elkin, an attorney, testified regarding the time he spent defending against Burke's frivolous suit and indicated that his hourly rate was $200. Based upon this evidence, the trial court awarded damages to Elkin in the amount of $1600 plus costs. On appeal, Burke argues that Elkin was not entitled to recover his own attorney fees as damages.

[2] We affirm.

## Facts & Procedural History

[3] On April 21, 2015, Burke filed a complaint against Elkin based on Elkin's prior representation of Burke in a 2001 post-conviction relief action. Elkin responded with a number of filings, including a counterclaim for abuse of process and a motion for summary judgment. Elkin designated evidence that Burke had previously filed suit against him based on the same claim. The prior case was dismissed with prejudice in October 2006, and Burke did not appeal. Accordingly, Elkin argued that the instant action was frivolous and filed in bad faith. The trial court agreed and granted summary judgment in favor of Elkin on the complaint and counterclaim. The trial court then set the matter for a hearing on damages.

[4] At the damages hearing on August 27, 2015, Elkin testified in relevant part:

> I'm an attorney practicing law for 25 years in the State of Indiana. I am an attorney in good standing with the Indiana

Supreme Court, familiar with the time and costs associated with prosecuting an action such as this. Since the filing of this case and my filing of responses, various documents pointing out this has already been tried and decided, filing a Motion for Summary Judgment, filing motions to strike and obtaining judgment, I put approximately 8.2 hours into the case, which would include obtaining affidavits, doing research, putting together the various motions. I charge $200.00 an hour. Basically my attorney fees in this case are my out-of-pocket costs and I'm asking for damages in the sum of 8.2 hours times $200.00, $1640.00.

*Transcript* at 4. Though given the opportunity, Burke did not cross examine Elkin regarding the amount of attorney fees claimed. The trial court took the matter under advisement and entered judgment the following day against Burke in the amount of $1600 plus costs.

## Discussion & Decision

[5] Burke's sole argument on appeal is that the trial court abused its discretion when it ordered him to pay Elkin's attorney fees. It did not.

[6] Despite the American Rule, Ind. Code § 34-52-1-1(b) makes clear that a party to a civil action may recover attorney fees incurred defending against a frivolous action or an action litigated in bad faith. Similarly, attorney fees may be awarded as damages in an action for abuse of process. *See* I.C. § 34-52-1-1(c). The issue in this case is whether Elkin may recover attorney fees for representing himself.

[7] In *Ziobron v. Crawford*, 667 N.E.2d 202, 208 (Ind. Ct. App. 1996), *trans. denied*, this court adopted the majority rule permitting an attorney representing him or

herself to recover an award of attorney fees for the time and effort spent in defending against a frivolous lawsuit. The court expressly held, "an attorney may recover compensation for the time and effort spent in defending against a malicious prosecution as an element of his damages." *Id*. The court explained: "To hold otherwise would be analogous to prohibiting an auto body repairman, who had repaired his own car, from recovering reasonable compensation from the vandal who had damaged the car." *Id*.

As set forth above, the trial court agreed with Elkin that Burke's complaint was frivolous and that Elkin should recover damages for abuse of process. Burke does not appeal that determination. He challenges only the calculation of resulting damages. Pursuant to *Ziobron*, the trial court properly awarded Elkin reasonable compensation for the time and effort he spent as an attorney defending himself below.[1]

Judgment affirmed.

Bailey, J. and Bradford, J., concur.

---

[1] Burke asserts in passing that Elkin failed to "produce any time sheet, invoice, schedule or other document to evidence his alleged time." *Appellant's Brief* at 3. However, such a document was not required because Elkin testified at the damages hearing about the amount of time he spent defending the action and his hourly rate. Accordingly, there was evidence presented upon which the trial court could make a determination regarding the amount of damages.